Wardlaw, J.
delivered the opinion of the Court,
In actions of slander, great strictness was formerly required of the plaintiff, both in pleading and proof. This has been in modern times much relaxed as to the latter, somewhat as to the former.
Even in cases where the words laid were actionable per se it was formerly the practice in declaring, to allege a colloquium, *455 as well as to connect the words with the plaintiff, by express averment that they were spoken of him, and by innuendoes to explain all doubtful words, so as clearly to point out the meaning which the plaintiff imputed to them. Thus, — “ [in a discourse had, &c. of and concerning the plaintiff] spoke [of and concerning the plaintiff ] these words, &c. He (meaning the plaintiff,) Spc. — Meaning that the plaintiff had, &e.” Here the words within the first brackets constitute what is properly called a colloquium — that is, a conversation on a certain subject; the words within the second brackets constitute the connecting averment, and the words “ meaning, &c.” constitute the innuendoes. I am thus minute m defining, because much confusion has arisen at the bar and in some of our cases, from using the term colloquium to signify the prefatory averment of extrinsic facts, which is necessary m cases of words not actionable per se.
3 Salk. 328.
i Saund. 242.
5 Starfde on Slan<iei'>391-2"
Ha/mlcesv. Htmkeii, 8 East, 427.
1 CamP-256-
It is now held that in cases of words actionable per se a colloquium is unnecessary, if there be a connecting averment; and if there be a good colloquium and innuendo, the want of a connecting averment must be pointed out by special demurrer, so that after verdict, or even upon general demurrer, it will be intended that the words were spoken of the plaintiff.
Where the objectionable quality of the publication arises from circumstances extrinsic of the words themselves, aver-ments are necessary to shew that such circumstances exist, and to connect - the words with those, circumstances. The technical mode of doing this is, first to state the circumstances by prefatory averment: second, to shew, by colloquium or connecting averment, that the words were published of and concerning those circumstances, and of and concerning the plaintiff as connected therewith : and third, to point the words, by proper innuendoes to the circumstances averred, to the plaintiff
An innuendo is wholly explanatory — it cannot enlarge the meaning oí words or supply the place of an averment. A good prefatory averment and proper innuendoes will not, even after verdict, sustain an action for the words “ he has forsworn himself.,” if there be no colloquium or averment connecting the words with the prefatory averment.
In the case before us, if it was clear that there was no connecting averment we would then sustain the nonsuit: for as was said by lord Ellenborough at Nisi Prius: “when it is clear that the action will not lie, although the objection appears on the record and might be taken advantage of by motion in arrest of judgment, or by writ of error, Judges are in the habit of directing a nonsuit.” But it is not clear here that the plaintiff has not made a sufficient connecting averment; on the contrary we think he has made one which is free from objection, except upon special demurrer.
The declaration is certainly not well drawn — but there is a *456 sufficient prefatory averment of circumstances; there is a t colloquium “ of and concerning the plaintiff,” and the words— “ in which discourse and slander the defendant alluded to a trial which had taken place before Esquire Miller, one of the magistrates of the district and State aforesaid, and a person competent to administer an oath, between himself and said plaintiff, in which said plaintiff was called upon to testify and did testify upon oath” — constitute an averment distinct from the innuendo which immediately follows, — “intending to convey the imputation that said plaintiff had at such trial swore falsely, and committed perjury in so doing.” The first recited words are not the most apt that might have been employed, and are introduced at an unusual place, but they sufficiently serve to connect the words which were spoken with the trial and' testimony mentioned in the prefatory averment. If they had been introduced by way of parenthesis immediately after the words in a previous part of the count — “in a certain discourse which the said defendant then and there had, of and concerning the said plaintiff, in the presence and hearing of divers good and worthy citizens of the State aforesaid,” they could not have been confounded with the innuendo, and there could have been hardly any objection to them, besides the nice objection that instead of “a trial,” should have been inserted “the trial aforesaid.” Standing where they do, they are free from all other objection, and this nice one should have been presented by special demurrer.
A nonsuit in invitum usually follows a deficiency of the evidence, or a variance between the proof and the allegation,— that is, a failure of the plaintiff to sustain a cause of action which is well laid. By pleading in bar, the defendant waives defects of form, and in effect admits that the case alleged is sufficient in law to require a defence. Where, however, even after verdict, the record, with all the intendments which should be made its favor, does not shew enough to authorize the judgment of the Court, judgment will be arrested: and it may be in a clear case wise to stop proceedings, which must be futile, by granting a nonsuit, without putting parties to trial and driving the defendant to a motion in arrest of judgment. But it is nottobe encouraged that the defendant should put the plaintiff to the trouble and expense of proof, and then upon motion for nonsuit take advantage either of what ought to have been set forth by special demurrer, or of what would upon general demurrer have defeated the action without witnesses.
The Circuit Judge refused to hear evidence of the connection between the words spoken and the circumstances mentioned in the prefatory averment, upon the ground that there was no connecting averment. This is just the same as if, having heard sufficient evidence of the connection, he had ordered the nonsuit for want of the connecting averment. In *457 either view the objection is to the sufficiency of the count: the insufficiency should have been more clear than it is, be-, fore it should have been permitted to defeat the action either by excluding testimony or by effecting a nonsuit in anticipation of a motion in arrest of 'judgment. After verdict every thing is to be presumed which is expressly stated in the pleadings, or necessarily implied from' the facts which are stated. Whatever may be presumed after verdict, a party should be allowed to prove to obtain the verdict. Is it not necessarily implied from what is stated in the count here, that the words were spoken of and concerning the said trial and the testimony there given by the plaintiff? We think it is.
1 Term Kep, 145.
The motion is therefore granted.
HighARdson, J. — Evans, J. — and Feost, J. — concurred.

Motion granted.